**Christopher MICCOLI, Petitioner,**

**v.**

**DEPARTMENT OF the ARMY, Respondent.**

No. 2008–3159.

United States Court of Appeals, Federal Circuit.

June 3, 2008.

Christopher A. Miccoli, Anacoco, LA, pro se.

Scott Slater, Department of Justice, Washington, DC, for Respondent.

Before MAYER, SCHALL, and LINN, Circuit Judges.

### ORDER

PER CURIAM.

The court treats Christopher Miccoli's correspondence concerning the timeliness of his petition for review as a motion for reconsideration of the court's previous rejection of his petition for review as untimely.

On November 28, 2007, the Merit Systems Protection Board issued a final decision in *Miccoli v. Office of Personnel Mgmt.,* No. DA–0752–07–0078–I–1, specifying that its decision was final and that any petition for review must be received by this court within 60 calendar days of receipt of the Board's decision. Miccoli was represented by counsel in the proceedings before the Board. The Board's records reflect that Miccoli's counsel received the Board's decision on November 29, 2007. Miccoli's petition seeking review of the Board's decision was received by the court on January 29, 2008 and rejected because it was one day late. Miccoli subsequently resubmitted his petition for review with a letter.

Miccoli states that he received the Board's decision on December 3, 2007 and thus his petition for review is timely. However, the Board's records reflect that a copy of the Board's decision was delivered to the office of Miccoli's counsel on November 29, 2007. The time for filing a petition for review began on the date that the office of Miccoli's counsel received the final Board decision. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 111

S.Ct. 453, 112 L.Ed.2d 435 (1990) (where action was required to be filed within 30 days of receipt of notice, time to file began on date of receipt by attorney's office).

A petition for review of a Board decision must be filed within 60 days of receipt of the decision. *See* 5 U.S.C. § 7703(b)(1). The 60–day filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transportation, Federal Aviation Administration,* 735 F.2d 1335, 1336 (Fed.Cir.1984). Because Miccoli's petition for review was received on January 29, one day late, this court must dismiss Miccoli's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is denied. The petition for review is dismissed as untimely.

(2) Each side shall bear its own costs.

(3) All pending motions are moot.